**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X          Civ. Action No.:

SRIDHAR SUBRAMANIAM

                                        Plaintiff,

          - against -                                                    **COMPLAINT**

DRISCOLL INVESTMENTS, LLC., CHRISTOPHER                *JURY TRIAL DEMANDED*
D. DRISCOLL, and RAVINDRA GOPAL,

                                        Defendants.

-------------------------------------------------------------------X

          Plaintiff, SRIDHAR SUBRAMANIAM, 370-H, Alexandra Road, #12-01, The

Anchorage, Singapore-159961 by his attorneys, RASH & BAKSHI, complains as follows:

### NATURE OF ACTION

          1.   This is an action for, *inter alia,* breach of contract, breach of fiduciary duty, unjust

buyout limited liability company and its Managing Member. Plaintiff brings this action to

recover his investment and substantial damages as a result of the significant wrongful and illegal

actions by Defendants. Defendants induced Plaintiff to invest in Driscoll Investments LLC.,

which, upon information and belief, is an unregistered and unlicensed securities broker dealer,

that was engaged in the unregistered offer and sale of unregistered securities in the form of

membership interests in Driscoll Investments, LLC, supposedly formed to manage and sell

limited partnership interests in a leveraged buyout fund, described in the offering documents as

Driscoll Partners, LP. Defendants used and manipulated the long-standing relationship between

Defendant Ravindra Gopal, who was an agent and Advisory Board member of Defendant

1

Driscoll Investments, LLC, and the Plaintiff in order to induce and overcome Plaintiff's reluctance to purchase the unregistered membership securities of the Defendants. Defendants induced the Plaintiff to purchase a 10% securities interest in its unregistered membership certificates (or stock) by promising that any funds he invested in Driscoll Investments LLC would be escrowed for no more than 60 days, or until no less than $300,000.00 (Three Hundred Thousand Dollars) was raised by sale of the unregistered limited partnership interests in Driscoll Partners, LP, whichever came first, and any funds he invested would not be utilized by Defendants for any purpose during the 60-day escrow period after the Plaintiff's investment, absent a $300,000.00 (Three Hundred Thousand USD) raise. Plaintiff was unaware that membership certificates and limited partnership interests were unregistered.  Upon information and belief, Defendants breached their fiduciary duty to Plaintiff by utilizing his $100,000.00 (One Hundred Thousand USD) investment in the unregistered membership interests of Defendant Driscoll Investments, LLC, before any escrow account was established and before either of the milestones, set by Defendants, was reached.  Plaintiff's loss of his $100,000.00 (One Hundred Thousand USD) investment, his loss of return promised in the amount of $500 thousand to $600 thousand, loss of any tax benefit due to Defendants failure to provide Plaintiff with any tax information for the five years of his investment, Plaintiff's loss of any return on his $100,000.00 (One Hundred Thousand USD), Plaintiff's cost involved in attempting to recover his $100,000.00 (One Hundred Thousand USD), and Plaintiff's economic loss resulting from his investment in Defendants were caused by the gross, wanton, willful, tortious, fraudulent, egregious and outrageous actions of the Defendants.

2

**THE PARTIES**

2.      At all times relevant hereafter mentioned Plaintiff was a resident of the Republic of Singapore.  Prior to the investment, there were numerous telephonic calls, to and from New York, between the Plaintiff, the Defendant Christopher D. Driscoll and Defendant Ravindra Gopal, the Agent/Advisory Board Member of the Defendant, Driscoll Investments, LLC., and an attempted meeting between Plaintiff and Defendant Christopher D. Driscoll when Plaintiff traveled to New York. During the calls, Defendant Christopher D. Driscoll explained, in detail, the safety of the investment, the high returns, the transparency in sharing performance details on a quarterly basis, and the promise to return the investment in 60 days in case a sum of $300,000.00 (Three Hundred Thousand USD) was not raised by sale of units in Driscoll Partners, LP..   Plaintiff is a private individual who invested $100,000.00 (One Hundred Thousand USD) of his hard earned savings in Defendants which, on information and belief, were unregistered and unlicensed.

3.      Upon information and belief, at all times relevant to this Complaint, Defendant Driscoll Investments, LLC was a limited liability company operating in New York, but not registered in New York as either a domestic or foreign entity, with a place of business located at 2188 Nesconset-Port Jefferson Hwy, #177, Stony Brook NY 11790.   Upon information and belief, Defendant Driscoll Investments, LLC was organized in the State of Delaware and registered in the State of Delaware.  Defendant Driscoll Investments, LLC purports to be a Asset Management Company set up to manage a leveraged buyout fund (LBO) known as Driscoll Partners, LP, that organizes and sells limited partnership units, or shares, for purposes of buying out, or merging with, existing entities that meet certain investment criteria.  Although Driscoll

Investments, LLC is an entity offering and effecting transactions in securities of which it was not the issuer and was, therefore, required to register as a broker dealer in New York, there is no evidence it ever registered as a broker dealer in New York, nor in Delaware, nor with the Securities and Exchange Commission, nor with FINRA.

4.   Upon information and belief, Defendant Christopher D. Driscoll was the Managing Member of Driscoll Investments, LLC and utilized the same address as Defendant Driscoll Investments, 2188 Nesconset-Port Jefferson Hwy, #177, Stony Brook NY 11790, Although Christopher D. Driscoll was registered with FINRA at all times revenant to this Complaint, upon information and belief, he is not now, nor has he ever been, registered as an agent of Driscoll Investments, LLC nor, as stated, is Driscoll Investments, LLC registered as a broker dealer as it required to be under law. Also, upon information and belief, while Christopher D. Driscoll was registered with FINRA as an agent during the period of the transaction, he was not registered with any affiliated broker dealer, or as a broker dealer.

5.   Upon information and belief, Defendant Ravindra Gopal is a resident of Republic of India, with a business address of Avon Capital Services Ltd., Gerson Lehrman Group, 303 Shrikant Chambers,V.N. Purav Marg, Chembur, Mumbai-400071 India.   During all times relevant to this Complaint, he was serving as an agent and Advisory Board Member to Defendant Driscoll Investments, LLC and, per an email to Plaintiff, was working with Defendants Driscoll Investments and Christopher D. Driscoll to seek out and induce investors to purchase memberships in Defendant Driscoll Investments, LLC.   He was the party Defendant that, with the expressed authorization of Defendant Christopher D. Driscoll, both individually and as the Managing Member, or like title, of Defendant Driscoll Investments, LLC, made the initial

4

contact with Plaintiff, offering to sell him unregistered securities in the form of a membership in Defendant Investments, LLC. Defendant Ravindra Gopal, in the offer to sell Plaintiff unregistered membership certificates, specifically stated that the Plaintiff's investment would be escrowed upon receipt and would not be utilized unless no less that $300,000.00 (Three Hundred Thousand USD) was raised through the sale of the unregistered units in the leveraged buyout fund, Driscoll Partners, LP, for which Driscoll Investments, LLC served as the General Partner with commensurate liability.  Upon information and belief Defendant Ravindra Gopal was not licensed or registered as Broker Dealer/Broker with any jurisdiction in the United States.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction pursuant to (among other provisions) 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

7.   Venue is proper in the Eastern District of New York as the Defendants Driscoll Investments, LLC and Christopher D. Driscoll are residents of the Eastern District of New York and Defendant Ravindra Gopal served on the Advisory Board of Defendant Driscoll Investments, LLC and served as its agent and as a confidant and business partner of Defendant Christopher D. Driscoll in the offer and sell of the unregistered securities of Driscoll Investments, LLC to the Plaintiff.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

8.  On 11 August 2009, Plaintiff was contacted by Defendant Ravindra Goal, who was acting an agent and serving as a Member of the Defendant Driscoll Investments, LLC's Advisory Board, via email, with a proposal, which, Defendant Ravindra Gopal stated was

authorized and encouraged by the Driscoll Defendants, for an investment in Defendant Driscoll Investments, LLC, the general partner of an Asset Management Company ("AMC") setup to manage a leveraged buyout limited partnership, Driscoll Partners, LP.  Defendant Ravindra Gopal stated in his email that for a $100,000. 00 (One Hundred Thousand USD) investment in the Defendant Driscoll Investments, LLC, the Plaintiff could expect to receive a benchmark 8% dividend on his investment from the second year, and possibly the first year, forward, and 1% of the carry (20% of the profits of Driscoll Investments, LLC in excess of 8% initial or hurdle return).  As an inducement to invest, Defendant Ravindra Gopal's offering email stated the Defendants were confident that an investment of $100,000.00 (One Hundred Thousand USD) would return between $600 thousand and $1.5 million to the Plaintiff over the projected five-year life of the leveraged buyout fund, Driscoll Partners, LP,  wherein Driscoll Investments, LLC was offering securities in the form of limited partnership units. A copy of the offering document for the LP provided to Plaintiff is attached hereto as Exhibit "A".

9.   In response to the offer, Plaintiff, via email dated 19 August 2009, stated unequivocally that he had no appetite for loss and that if the real estate market in Singapore corrected, he would have to cover a bank debt, and questioned if any losses could be capped at 15% of his capital investment.

10.  On 24 August 2009, Defendant Ravindra Gopal responded in reassurance to Plaintiff that 3 to 4 interactions with investors in Driscoll Partners, LP buyout fund showed positive responses, but those investments were on hold pending a decision by a "billionaire philatelist" that could provide full funding, but if the "billionaire philatelist" did not invest by 31 August 2009, they would pursue the other promising investors.

11.   Defendant Ravindra Gopal, acting as Agent on behalf of the Driscoll Defendants and with their concurrence, in further inducement for the Plaintiff to purchase a security interest in Defendant Driscoll Investments, LLC, stated in his 24 August 2009 offering memo to Plaintiff that the Defendants were working on other projects, including a second buyout fund being developed by Defendant Ravindra Gopal and the Driscoll Defendants in which Plaintiff would receive a membership interest, which could generate upwards of $15 million USD in fees for the Defendant Driscoll Investments, LLC. Defendant Ravindra Gopal further stated that he and Defendant Christopher D. Driscoll were continuing to work on M&A projects that would flow operating monies into Driscoll Investments, LLC until investors were brought on board and that, consequently, they would draw down only for "bare essentials" from the general partner, Defendant Driscoll Investments, LLC.

12.   In further inducement for Plaintiff to invest in an unregistered security interest in the Defendants, Defendant Ravindra Gopal again stated that he was making the offer with the concurrence and support of the Driscoll Defendants and he assured the Plaintiff that while the potential for gain was significant, the risk of loss was minimal because the Driscoll Defendants would escrow any investment made by the Plaintiff in Driscoll Investments, LLC for no more that 60 days, and if no less that $300,000.00 (Three Hundred Thousand USD) was raised in Driscoll Partners, LP during that period of time, Plaintiff's investment would be returned promptly without demand.

13.   On 31 August 2009, Defendant Ravindra Gopal,, to further induce Plaintiff to purchase an unregistered securities interest in Defendants, copied Plaintiff on an email he sent to the Driscoll Defendants wherein Defendant Ravindra Gopal outlined Plaintiff's reluctance to

7

purchase an interest in Defendants because he had an educational obligation to his daughter in the coming year but that Plaintiff was considering a securities investment in Defendants after Defendant Ravindra Gopal reiterated the low risk to Plaintiff′s purchase due to the fact his investment would be escrowed for no more than 60 days and returned promptly in full and without demand if, at the end of the 60 days period, Defendants had not raised at least $300,000.00 (Three Hundred Thousand USD) in the leveraged buyout fund, Driscoll Partners, LP, and that Defendants would offer Plaintiff an exit from his investment through a buy out on the third anniversary of his investment. The Driscoll Defendants did not dispute that offering condition.

14.   On or about 29 October 2009, after receiving repeated assurances from the Defendants that the risks of an investment in the Defendant′s unregistered securities were low, protected by escrow and an exit plan at the end of three years, and based, in part, on the trust he had in Defendant Ravindra Gopal nurtured over a two-decade personal relationship Plaintiff had with the him, Plaintiff wired Defendants $100,000.00 (One Hundred Thousand USD) to purchase a 10% equity interest in Defendant Driscoll Investments, LLC.

15.   On 29 October 2009, Defendant Christopher D. Driscoll sent Plaintiff an email confirming receipt of the $100,000.00 (One Hundred Thousand USD) wire and stated he was looking forward to further conversations and providing updates to Plaintiff.

16.   Although Defendants promised continued conversations and updates on the buyout fund in its 29 October 2009 email, Plaintiff did not hear again from the Defendants after his $100,000.00 (One Hundred Thousand USD) purchase of a 10% unregistered securities interest in Defendant Driscoll Investment, LLC. Plaintiff was not informed as to progress of attracting

8

investors into the buyout fund, the investments of the buyout fund, promised escrow information on his purchase monies, nor issued a 1099 or K-1 on his share of profits and losses of Defendant Driscoll Investments, LLC, although it is required by law to provide such information to LLC members no later than 1 February of each year. Nothing at all.

17.   Having heard nothing from Defendants after the acknowledgement of receipt of Plaintiff's wire transfer of purchase and having continually pursued a refund and quarterly financial statements from Defendants without success, on 7 April 2011 Plaintiff sent Defendant Christopher D. Driscoll, copied to Defendant Ravindra Gopal, an email reiterating that he had made his $100,000.00 (One Hundred Thousand USD) investment in Defendants based upon Defendant's repeated assurances they had a sound business plan backed by many opportunities, but since Plaintiff had not received any updates, or any information at all, for 18 months, Plaintiff requested his investment be refunded.

18.  On 7 April 2011, Defendant Christopher D. Driscoll responded to Plaintiff's email of the same date stating that the Defendants were working on deals, but no deals had been consummated. As to Plaintiff's request for a refund, Defendant Christopher D. Driscoll stated that the fund was to run five years and the Plaintiff's investment could not be "unwound" in 18 months.

19.  On 8 September 2012, Plaintiff again sent Defendant Christopher D. Driscoll, copied to Defendant Ravindra Gopal, an email reminding Defendant Christopher D. Driscoll that they had several recent conversations regarding his investment and the inducing promise of a buyout after three years and, since it had been three years, and he in fact had liquidity issues, which Defendants were fully aware of through emails to the Driscoll Defendants from Defendant

Ravindra Gopal, he requested Defendants to honor their commitment to exit Plaintiff from his investment in Driscoll Investment, LLC through a buy out or refund of his investment that had been promised by Defendants to be held in escrow, if other funds were not raised.

20.  On 14 September 2012, Defendant Christopher D. Driscoll sent Plaintiff an email wherein he took issue with the term "refund" by arguing that Plaintiff had purchased equity shares in the Defendant Driscoll Investment, LLC and, since he had purchased equity shares, and not made a loan to the Defendants there could not be a refund.  He further stated that he "ran a very tight ship" and that a refund was not correct terminology. He also, in essence, denied that the Defendants had stated they would hold Plaintiff's investment funds in escrow until no less than $300,000.00 (Three Hundred Thousand USD) was raised from other investors, although his Agent and Advisory Board Member acting with his concurrence, Defendant Ravindra Gopal, in emails inducing the Plaintiff to purchase the securities interest in Defendant Driscoll Investment, LLC, had made such assurances that were confirmed by Defendant Christopher D. Driscoll prior to Plaintiff's investment

21.  On 27 September 2012, Plaintiff sent Defendant Christopher Driscoll another email with quotes from prior emails from Defendant Ravindra Gopal, who was acting under authority of, on behalf of, and with the concurrence of the Driscoll Defendants, which emails were copied to and not disputed by the Driscoll Defendants, stating in fact that Plaintiff's investment would be fully protected by the Plaintiff's investment proceeds being held in escrow until a $300,000.00 (Three Hundred Thousand USD) milestone investment from other investors in the buyout fund, Driscoll Partners, LLP was reached and Plaintiff would be further protected by being offered an

exit from Plaintiff's investment at the end of three years through a buy back of his investment plus interest.

22.  After many conversations and failed conversations, Defendant Christopher Driscoll, as an admission, did agree to send Plaintiff a Promissory Note in refund of his investments and to begin payments in January of 2013.

23.  January 2013 came and went without a Promissory Note for repayment and without any payments.

24.   After considerable pressure from Plaintiff, Defendant Christopher D. Driscoll did finally send Plaintiff a proposed Personal Promissory Note, a copy of which marked Exhibit "B" is attached hereto.  Said Personal Promissory Note is clearly an admission of the Defendants' liability to Plaintiff of the Plaintiff's $100,000.00 (One Hundred Thousand USD) plus interest and return.

25.  While Defendants had promised to commence payment of a buyout of Plaintiffs $100,000.00 (One Hundred Thousand USD) investment in Defendant Driscoll Investments, LLC, the proposed Personal Promissory Note contained no provision for principal payments and was fraudulently backdated to August 9, 2009, which could be argued, if Plaintiff agreed, superseded any prior agreements between the Plaintiff and Defendants.

26.  The fraudulently backdated to 9 August 2009 proffered Personal Promissory Note of Christopher D. Driscoll, which referred to Plaintiff's $100,000.00 (One Hundred Thousand USD) investment as a loan, despite his 14 September 2012 email stating Defendants could not make a refund because Plaintiff's investment was not a loan, had a maturity date of August 2013, but contained no provisions for default, providing only for 1% per annum non-compounding interest,

11

or $1,000 USD, per year from 8 August 2009 to the August 2013 maturity date. Rather than providing that the full amount of the wrongfully reclassified Loan became due and payable on the maturity date, it only provided, if the Promissory Note was not liquidated by the maturity date, the interest rate increased to 1.5% per annum, or $1,500 per year into, per its terms into infinity. Furthermore, if Plaintiff was required to pursue the interest only payment, he was required to absorb his own attorney fees.

27.    Given the woefully inadequate, and essentially fraudulently drafted attempt to restructure Plaintiff's security interest in Defendant Driscoll Investment, LLC, from an investment into a loan, Plaintiff chose correctly not to execute the proffered Personal Promissory Note of Defendant Christopher D. Driscoll but instead to make, via his attorneys, final demand for his $100,000.00 (One Hundred Thousand USD) plus return of $640,000, including the promised 8% per annum return on his $100,000.00 (One Hundred Thousand USD) initial investment, assured return on carry, and costs from the Defendants prior to filing this suit for the same demands.

28. Prior to filing this suit, on or about 21 January 2015, Counsel for Plaintiff sent letters to Defendants demanding the Defendant's provide the Plaintiff with financial results for Driscoll Investments, LLC and Driscoll Partners, LP for the period of Plaintiff's investment and notifying Defendants that upon their failure to respond, the Plaintiff would take all actions in law and equity in order to protect Plaintiff and his property and property interests.  In the same way as the Defendants had treated the majority of requests from Plaintiff regarding his $100,000.00  (One Hundred Thousand USD) investment, they ignored Counsel's demand letter.

**AND AS FOR THE FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS**
**BREACH OF CONTRACT**

29.     Plaintiff repeats and re-alleges each of the foregoing allegations set forth in paragraphs 1 through 28 above as set forth herein in full.

30.     Defendants breached their contract with Plaintiffs: (1) on information and belief, by failing to place Plaintiff's $100,000.00 (Hundred Thousand USD) in escrow pending the raise of $300,000.00 (Three Hundred Thousand USD) in Driscoll Partners, LP, the leveraged buyout fund; (2) upon information and belief, by utilizing Plaintiff's $100,000.00 (One Hundred Thousand USD) equity investment for expenses when it should have been refunded to Plaintiff; (3) by failing to return, without demand, Plaintiff's $100,000.00 (One Hundred Thousand USD) investment when, upon information and belief, Defendants failed to reach its required $100 thousand investment in Driscoll Partners, LP within the 60-day period required to break escrow; and, (4) by not providing Plaintiff a suitable buyout of his equity position in Driscoll Investments, LLC after 3 years as promised as an inducement for investment and upon Plaintiff's request for a buyout.

31.     By reason of the foregoing, Defendants have breached the agreement with Plaintiff whereby Plaintiff was induced to purchase an unregistered securities interest in Defendant Driscoll Investment, LLC and Plaintiff is entitled to recovery to the extent of at least $640,000.00 (Six Hundred Forty Thousand USD), plus attorney's fees, costs and disbursements.

**AS FOR THE SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS**
**BREACH OF FIDUCIARY DUTY**

32      Plaintiff repeats and re-alleges each of the foregoing allegations set forth in

paragraphs 1 through 31 above as set forth herein in full.

33.     Defendants, in inducing Plaintiff to invest $100,000.00 (One Hundred Thousand USD) in Defendant Driscoll Investments, LLC, agreed to escrow Plaintiff's investment until a minimum of $300,000.00 (Three Hundred Thousand USD) was raised in Driscoll Partners, LP, and refund or return Plaintiff's investment if that milestone was not reached in 60 days of Plaintiff's investment.  Upon information and belief Defendants did not establish an escrow account as they had a fiduciary duty to do and, thereby, breached their fiduciary duty to Plaintiff.

34.     Defendants breached their fiduciary duty to Plaintiff by: (1) upon information and belief, failing to establish an escrow account as they had a fiduciary duty to do and, thereby, breached their fiduciary duty to Plaintiff; (2) upon information and belief, utilizing and spending Plaintiff's  $100,000.00 (One Hundred Thousand USD) investment funds, which they had a fiduciary duty to protect until the Defendants raised no less than $300,000.00 (Three Hundred Thousand USD) in investment funds from limited partner investors in Driscoll Partners, LP; (3) failing to refund, without demand, Plaintiff's $100,000.00 (One Hundred Thousand USD) investment that was required to be escrowed when, upon information and belief, Defendants failed to reached the required investment milestone in the Driscoll Partners, LP; (4) failing to inform Plaintiff that, upon information and belief, the Fund had failed to reach its required investment within the 60-day period required to break escrow; (5) failing to provide Plaintiff with quarterly financial statements of the performance of Driscoll Investments LLC as promised in the offering document; and, (6) failing to refund, upon demand, Plaintiff's $100,000.00 (One Hundred Thousand USD) investment plus interest and return on carry.

35.     By reason of the foregoing, Defendants have breached their fiduciary duty to

Plaintiff and Plaintiff is entitled to recovery to the extent of at least $640,000.00 (Six Hundred Forty Thousand USD), plus attorney's fees, costs, and disbursements.

### AS FOR THE THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS
### UNJUST ENRICHMENT

36.     Plaintiff repeats and re-alleges each of the foregoing allegations set forth in paragraphs 1 through 35 above as set forth herein in full.

37.     Pursuant to the terms of the agreement between the Plaintiff and the Defendants, the Defendants were required not to utilize Plaintiff's $100,000.00 (One Hundred Thousand USD) investment in any manner until a $300,000.00 (Three Hundred Thousand USD) milestone investment was obtained in the Driscoll Partners, LP and to refund the investment after not more than 60 days if the milestone investment was not reached, without demand.

38.     Upon information and belief, Defendants did not reach the milestone investment in the Driscoll Partners, LP Fund, did not refund, without demand, Plaintiff's $100,000.00 (One Hundred Thousand USD) investment within the 60 day time frame as required, did not refund Plaintiff's $100,000.00 (One Hundred Thousand USD) investment when he requested it, and otherwise utilized the funds without authorization, consent, or knowledge of the Plaintiff.

39.     By reason of the foregoing, Defendants have been unjustly enriched and Plaintiff is entitled to recovery to the extent of at least $640,000.00 (Six Hundred Forty Thousand  USD), including Plaintiff's initial investment, the promised 8% per annum return and the assured at least $500,000.00 (Five Hundred Thousand USD) return on carry from management fees flowing into Driscoll Investments, LLC from Driscoll Partners, LP, plus attorney's fees, costs, and disbursements.

**AS FOR THE FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**FRAUD**

40.     Plaintiff repeats and re-alleges each of the foregoing allegations set forth in paragraphs 1 through 39 above as set forth herein in full.

41.     Defendants knowingly, intentionally, and willfully made false statements of material facts, or failed to state material facts, upon which they intended Plaintiffs to rely, and upon which Plaintiff did rely to his detriment when: (1) Defendants assured Plaintiff that his investment was a low risk because his $100,000.00 (One Hundred Thousand USD) investment in Defendant Driscoll Investment, LLC would be escrowed for no more than 60 days and refunded to him immediately thereafter if the Defendants did not raise at least $300,000.00 (Three Hundred Thousand USD) in the leveraged buyout fund Driscoll Partners, LP, when, as revealed in subsequent emails from Defendant Christopher D. Driscoll, Defendants never established the escrow account and never intended to establish one, and otherwise spent Plaintiff's investment on unauthorized expenses without obtaining Plaintiff's authorization and refusing to inform him that his investment had been spent in an unauthorized manner that was in contradiction to the assurances made when Defendants induced Plaintiff to investment $100,000.00 (One Hundred Thousand USD) in Driscoll Investments, LLC; (2) Defendants assured Plaintiff that his investment was a low risk because the Defendants would provide Plaintiff an exit from his $100,000.00 (One Hundred Thousand USD) investment in Defendant Driscoll Investment, LLC when, as revealed in subsequent emails from Defendant Christopher D. Driscoll, Defendants never established an exit plan for Plaintiff through a buyout of his investment after three years and never intended to establish one; (3) Defendants never informed Plaintiff that, as the General

Partner of a Limited Partnership, it was required to register as a Broker Dealer with the State of New York, the Securities and Exchange Commission, and FINRA and that it had not registered Driscoll Investments, LLC as a Broker Dealer as it was required to or the securities it offered for sale to the Plaintiff and others as it was required to, which placed Plaintiff's investment at risk; and, (4) Defendants have continued to perpetrate and perpetuate the fraud by refusing to return Plaintiff's money, refusing to provide and return on Plaintiff's investment, proffering to Plaintiff a fraudulent backdated Personal Promissory Note from Defendant Christopher D. Driscoll that, while an admission of liability, attempted to alter the nature of the transaction to Plaintiff's detriment, and by refusing to respond to Plaintiff's counsel's demands.

42.     By reason of the foregoing Defendants are liable to Plaintiffs, jointly and severally, in an amount to be determined at trial but not less than $640,000.00 (Six Hundred Thousand USD) together with pre and post judgment interest at the highest rate permitted by law.

43.     Defendants' fraudulent conduct was gross, wanton, willful, and deliberately designed to injure Plaintiff and Plaintiff is entitled to punitive damages in connection therewith in an amount to be determined at trial, but in no event less than $500,000.00 (Five Hundred Thousand USD).

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS CONVERSION

44.     Plaintiff repeats and re-alleges each of the foregoing allegations set forth in paragraphs 1 through 43 above as set forth herein in full.

45.     Pursuant to the terms of the agreement between the Plaintiff and the Defendants,

the Defendants were required to not utilize Plaintiff's $100,000.00 (One Hundred Thousand USD) investment in any manner until a $300,000.00 (Three Hundred Thousand USD) milestone investment was obtained in the Driscoll Partners, LP and to refund the investment after not more than 60 days if the milestone investment was not reached.

46.    Upon information and belief, Defendants did not reach the milestone investment in the Driscoll Partners, LP Fund, did not refund, without demand, Plaintiff's $100,000.00 (One Hundred Thousand USD) investment within the 60 day time frame as required, did not refund Plaintiff's $100,000.00 (One Hundred Thousand USD) investment when he requested it, and otherwise utilized the funds without authorization, consent or knowledge of the Plaintiff.

47.    Defendant's utilization of Plaintiff's $100,000.00 (One Hundred Thousand USD) investment by an unauthorized assumption of Plaintiff's rights in his $100,000.00 (One Hundred Thousand USD) investment to the exclusion of Plaintiff's rights to a refund, without demand, after 60 days of his investment, upon information and belief, due to the Defendant's failure to reach the investment milestone required to break escrow deprived Plaintiff of his lawful rights in his property.

48.    By reason of the foregoing, Defendants have unjustly and unlawfully utilized Plaintiff's investment to the exclusion of his right to a refund and assured 8% percent per annum return on his investment and his proportional assured 10% return on carry on management fees flowing into Plaintiff Driscoll Investment, LLC from Driscoll Partners, LP and Plaintiff is entitled to recovery to the extent of at least $640,000.00 (Six Hundred Forty Thousand USD), including Plaintiff's initial investment, the promised 8% per annum return and the assured at least $500,000.00 (Five Hundred Thousand USD) return on carry from management fees flowing

into Driscoll Investments, LLC from Driscoll Partners, LP, plus attorneys' fees, costs and

disbursements.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THE DEFENDANTS
## BREACH OF BAILMENT CONTRACT

49.     Plaintiff repeats and re-alleges each of the foregoing allegations set forth in

paragraphs 1 through 48 above as set forth herein in full.

50.     When Defendants accepted the Plaintiff's $100,000.00 (One hundred thousand

USD) investment, they indicated an intent to hold the funds in escrow for no more than 60 days

or until $300,000.00 (Three hundred thousand USD) was raised in the leveraged buyout fund,

Driscoll Partners, LP, whichever came first. Upon information and belief, $300,000.00 (Three

hundred thousand USD) was not raised in Driscoll Partners, LP within 60 days of Plaintiff's

investment in Driscoll Investments, LLC.

51.     As fiduciaries, Defendants obtained only a custodial interest in Plaintiff's

investment and not an ownership interest.

52.     Defendant's possession of Defendant's $100,000.00 (One hundred thousand

USD) investment constituted an expressed bailment contract.

53.     Defendants' breached the bailment contract with Plaintiff by refusing to return

Plaintiff's $100,000.00 (One hundred thousand USD) investment upon his demand and that

breach constituted affirmative acts of exploration to deprive the Plaintiff of his property in the

form of his $100,000.00 (One hundred thousand USD) investment.

54.     Under the bailment contract between the Plaintiff and the Defendants, Defendants

owed Plaintiff a duty of care to protect Plaintiff's investment property and to return it to him,

without demand, upon the failure of the Defendants to meet the $300,000.00 (Three hundred

thousand USD) investment in Driscoll Partners, LP within 60 days of Plaintiff's investment.

55.     Defendants at all times, as stated in their inducement to cause Plaintiff to surrender his property in the form of a $100,000.00 (One hundred thousand USD) investment in Driscoll Investments, LLC, told Plaintiff that his property, the $100,000.00 investment, remained his property and that Plaintiff remained the rightful owner of his $100,000.00 investment for 60 days following his investment and that his property, in the form of his $100,000.00 investment, would be returned in full to him after 60 days, absent Defendants raising at least $300,000.00 in the leveraged buyout fund, Driscoll Partners, LP. Defendant Christopher Driscoll's proffered Promissory Note, which is an admission, states that Plaintiff's $100,000.00 investment was Plaintiff's property and due to be returned to him.

56.     By reason of the foregoing, Plaintiff has suffered damages as a result of Defendants' breach of the Bailment Contract with the Plaintiff by refusing to return Plaintiff's property in the form of his $100,000.00 investment when it was obligated under the Bailment Contract to do and after his timely demand for return and Plaintiff is entitled to recovery to the extent of at least $640,000.00 (Six Hundred Forty Thousand USD), including return of Plaintiff's property in the full amount of his $100,000.00 initial investment, and damages and lost opportunity return of the promised 8% per annum return and the assured at least $500,000.00 (Five Hundred Thousand USD) return on carry from management fees flowing into Driscoll Investments, LLC from Driscoll Partners, LP, plus attorneys' fees, costs and disbursements.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS <u>CONSTRUCTIVE TRUST</u>

57.     Plaintiff repeats and re-alleges each of the foregoing allegations set forth in paragraphs 1 through 56 above as set forth herein in full.

20

58.     Defendants induced Plaintiff to invest $100,000.00 (One hundred thousand USD) in Defendant Driscoll Investments, LLC, an unregistered and unlicensed entity offering and selling unregistered securities without disclosure to Plaintiff by assuring Plaintiff that his $100,000.00 investment was low risk because the investment funds would be placed in escrow and returned to him in 60 days unless Defendants raised at least $300,000.00 (Three hundred thousand USD) through the sale of unregistered securities, which was unknown to Plaintiff, in the form of units or shares in a leveraged buyout fund, Driscoll Partners, LP.

59.     Upon information and belief, Defendants failed to raise at least $300,000.00 (Three hundred thousand USD) through the sell units in Driscoll Partners, LP and thereby wrongfully continued to detain the Plaintiff's $100,000.00 investment and refused to return it as it was obligated to or after Plaintiff's demand for its return.

60.     Plaintiff is entitled to the imposition of a Constructive Trust on his $100,000.00 (One hundred thousand USD) investment, the at least $500,000.00 (Five hundred thousand USD) promised return on his investment, and the at least $40,000.00 (Forty thousand USD) promised dividend on his investment, obligating Defendants to hold and to pay over to Plaintiff $640,000.00 (Six hundred forty thousand USD) in whatever form and wherever held.

## AS AND FOR AN EIGHT CAUSE OF ACTION AGAINST THE DEFENDANTS
## ACCOUNTING

61.     Plaintiff repeats and re-alleges each of the foregoing allegations set forth in paragraphs 1 through 60 above as set forth herein in full.

62.     As a result of the Bailment Contract created between the parties upon Plaintiff's investment in Driscoll Investments, LLC on 29 October 2009, Defendants had, and continue to

have, a fiduciary duty to return Plaintiff's investment property upon demand, which Plaintiff has demanded without success.

63.     Plaintiff is entitled to an accounting of all uses of his funds and, given the promised dividend and carry return which induced him to invest and turn over his person property to Defendants, an accounting a all income and expenditures of Defendants, both individually and severally, from 29 October 2009, the date of the Plaintiff's investment in Driscoll Investments, LLC to the date of this Complaint.

**AS AND FOR NINTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**ATTORNEYS' FEES AND COSTS**

64.     Plaintiff repeats and re-alleges each of the foregoing allegations set forth in paragraphs 1 through 63 above as set forth herein in full.

65.     Pursuant to the agreement and the Plaintiff's $100,000.00 (One Hundred Thousand USD investment in Driscoll Investment, LLC induced by the Defendants and applicable statutes, Plaintiff demands full payment of all attorneys' fees and costs incurred as a result of this action against the Defendants.

**WHEREFORE**, Plaintiffs demands judgment against Defendants, jointly and severally, as follows:

1.      Upon the first cause of action for breach of contract, damages in the minimum sum of $640,000.00 (Six Hundred Thousand USD) or a higher sum determined at trial plus interest, attorneys' fees, costs, and disbursements;

2.      Upon the second cause of action for breach of fiduciary duty, damages in the minimum sum of $640,000.00 (Six Hundred Thousand USD) or a higher sum determined at trial plus interest, attorneys' fees, costs, and disbursements;

3.      Upon the third cause of action for unjust enrichment, damages in the minimum sum of $640,000.00 (Six Hundred Thousand USD) or a higher sum determined at trial plus interest, attorneys' fees, costs, and disbursements;

4.      Upon the fourth cause of action for fraud, damages in the minimum sum of $640,000.00 (Six Hundred Forty Thousand USD) or a higher sum to be determined at trial for actual damages, and an amount for punitive damages, to be determined at trial, but no less than $500,000.00 (Five Hundred Thousand USD);

5.       Upon the fifth cause of action for conversion, damages in the minimum sum of $640,000.00 (Six Hundred Forty Thousand USD), plus interest, attorneys' fees, costs, and disbursements;

6.      Upon the sixth cause of action for breach of bailment contract, damages in the minimum sum of $640,000 (Six Hundred Forty Thousand USD), plus interest, attorneys' fees, costs, and disbursements.

7.      Upon the seventh cause of action for a constructive trust, the imposition of a Constructive Trust on Plaintiff's $100,000.00 (One hundred thousand USD) investment, the at least $500,000.00 (Five hundred thousand USA) promoted return on his investment, and the at least $40,000.00 (Forty Thousand USD) promised dividend on his investment, obligating Defendants to hold and to pay over to Plaintiff $640,000.00 (Six Hundred Forty Thousand USD) in whatever form and wherever held.

8       Upon the eighth cause of action an accounting of all uses of Plaintiff's funds, the promised dividend and carry return utilized by Defendants to induce him to invest and turn over his person property to Defendants, and an accounting of all income and expenditures of

Defendants, both individually and severally, from 29 October 2009, the date of the Plaintiff's investment in Driscoll Investments, LLC, to and through the date of this Complaint.

9.      Upon the ninth cause of action for Defendants to pay all of Plaintiffs' attorney fees and costs;

10.     For such other and further relief as this Court deems just and proper.

Dated: New York, New York
       September  28, 2015

Respectfully Submitted

RASH & BAKSHI

   /s/ Moneesh K Bakshi
Moneesh K Bakshi, Esq.  (MB 8137)
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
(646) 583-1615
moneesh.bakshi@rashbakshi.com

ATTORNEYS FOR PLAINTIFF

24